# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-1000V
**Filed: June 30, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | **UNPUBLISHED** |
| THERESA HERREN, Grandparent and | * | |
| Legal Guardian of A.H., a minor, | * | |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * | |
| | * | Attorneys' Fees and Costs; |
| v. | * | Reasonable Amount Requested to |
| | * | which Respondent Does Not Object. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.
Heather Pearlman, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On December 17, 2013, David and Theresa Herren[2] filed a petition for compensation on behalf of their granddaughter, A.H., pursuant to the National Vaccine Injury Compensation Program.[3] 42 U.S.C. §§ 300aa-1 to -34 (2012). Mr. and Mrs. Herren alleged that the administration of Hepatitis A ("Hep A") and Varicella vaccines on May 25, 2011 caused A.H. to suffer from Guillain-Barré syndrome ("GBS"). On February 22, 2016, the undersigned issued a decision awarding compensation to Petitioner.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The caption of Mr. and Mrs. Herren's petition was subsequently amended to reflect Theresa Herren ("Petitioner") as the sole petitioner. *See* Order, filed March 11, 2015, at 1.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On June 20, 2016, Petitioner filed a timely motion for attorneys' fees and costs ("motion").[4] Petitioner requests compensation for attorneys' fees and costs in the amount of $35,275.84. Petitioner and her counsel have verified that Petitioner did not personally incur any costs in pursuit of her claim. *See* General Order #9 Statement, filed June 20, 2016.

On June 30, 2016, Respondent filed a Response to Petitioner's motion in which she states that she "does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date."

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, the undersigned hereby awards the amount of $35,275.84, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Ronald Homer, of the law firm of Conway, Homer & Chin-Caplan, P.C.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[4] Pursuant to Vaccine Rule 13(a), any request for attorneys' and costs must be filed no later than 180 days after the entry of judgment.

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).